UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMI FLOYD,

                Plaintiff,

- against -

NEW YORK PUBLIC RADIO

                Defendant.

Civil Action No.:
23-cv-01096 (ALC)(SC)

# MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

<div align="right">

Joan M. Gilbride
Erica Bianco
KAUFMAN BORGEEST & RYAN LLP
875 Third Ave 5th Floor
New York, New York 10022
Telephone: 212.980.9600
Facsimile: 212.980.9291

</div>

1

9463255

# **TABLE OF CONTENTS**

**MEMORANDUM OF LAW** .................................................................................................. 1

**INTRODUCTION** ................................................................................................................... 1

**ARGUMENT** ............................................................................................................................2

    **POINT I**
    **Plaintiff Applies an Incorrect Legal Standard in Her Opposition** .................................. 2

    **POINT II**
    **Plaintiff's Opposition Fails to Show That Plaintiff Has Plead a Plausible Claim for Discrimination, Hostile Work Environment or Retaliation** ............................................... 4

        A.   **Discrimination** ................................................................................................. 4
        B.   **Discriminatory Pay Practices** ........................................................................ 5
        C.   **Hostile Work Environment** ........................................................................... 5
        D.   **Retaliation** ........................................................................................................ 6

    **POINT III**
    **Plaintiff's Opposition Fails to Defeat Defendant's Motion Pertaining to Her Time-Barred Allegations and the Continuing Violation Theory Does Not Save these Claims** .............. 7

**CONCLUSION** ........................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Cases**

*Albunio v. City of N*.Y., 16 N.Y.3d 472, 479 (2011) ................................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) .............................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ...................................................... 1, 2, 3, 4

*E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 256 (2d Cir. 2014) ................ 5

*Farooq v. City of New York*, 2022 WL 793117, at *4 (2d Cir. 2022) ........................................... 3

*Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015) ...................................... 3, 5

*Lukasiewicz–Kruk*, 404 F. App'x at 520 ....................................................................................... 8

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) ............................................... 7

*Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007 ........................................................................ 5

*Sokolovsky v. Silver Lake Specialized Care Ctr*., 2023 WL 5977298, at *17 (E.D.N.Y. 2023 ...... 6

*Sokolovsky v. Silver Lake Specialized Care Ctr., supra*, at *19 (E.D.N.Y. 2023) .......................... 6

*Taylor v. City of New York (Dep't of Sanitation)*, 2019 WL 3936980, at *5 (S.D.N.Y. 2019 ....... 4

*Thomson v. Odyssey House*, 2015 WL 5561209, at *9 (E.D.N.Y. 2015), aff'd, 652 F. App'x 44
  (2d Cir. 2016) ............................................................................................................................ 8

*Torres v. New York*, 2019 WL 1765223, at *5 (S.D.N.Y. 2019) ................................................... 6

*Vega v. Hempstead Union Free Sch. Dist*., 801 F.3d 72, 86 (2d Cir. 2015) .................................. 4

*Vega v. Hempstead Union Free Sch. Dist*., *supra* at 90 (2d Cir. 2015) ......................................... 6

*Wu v. Good Samaritan Hosp. Med. Ctr*., 815 F. App'x 575, 580–81 (2d Cir. 2020) .................... 5

*Zann Kwan*, 737 F.3d at 843 .......................................................................................................... 6


**Statutes**

NYCHRL ............................................................................................................................. 3, 5, 6

NYSHRL .................................................................................................................................... 3

42 U.S.C. Section 1981 .............................................................................................................. 3

**Rules**

FRCP, Rule 8 ..................................................................................................................... 1, 2, 3

FRCP, Rule 8(a)(2) .................................................................................................................... 3

9463255

# MEMORANDUM OF LAW[1]

## INTRODUCTION

As detailed in Defendant's opening Memorandum of Law, Plaintiff fails in her First Amended Complaint ("FAC") to state claims against New York Public Radio ("NYPR") for hostile work environment, discrimination, and retaliation, where her claims are comprised of conclusory, irrelevant, and often time-barred, allegations. The FAC is replete with empty labels and buzzwords like "bullied" "demeaned" and "undermined," and numerous anecdotes that are legally irrelevant and simply do not give rise to a cognizable claim.

In response to these arguments, Plaintiff's Opposition copies and pastes no less than 43 paragraphs from the FAC, once again equating length for substance. Repetition, however, does not save her legally insufficient claims. Nor does Plaintiff's attempt to apply to the FAC something less than the pleading requirements under Rule 8. It is black letter law that Rule 8's "fair notice" standard turns on the plausibility of an actionable claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And yet Plaintiff argues that, by pointing out the bareboned and speculative nature of Plaintiff's allegations, Defendant is demanding something more than what is required under Rule 8. Plaintiff's misapplication of the law should be rejected.

At bottom, while the FAC presents a litany of Plaintiff's grievances against Defendant, Plaintiff has not plead enough facts to state any cognizable claims for relief that are facially plausible. Specifically, Plaintiff alleges, without further factual enhancement, that she faced a "racially hostile work environment," and felt "bullied, demeaned, and undermined." The FAC is also devoid of any allegation of an adverse employment action. In fact, while Plaintiff alleges she was "continually denied advancement" between 2017 and 2021 due to her race, she also admits

---

[1] Unless otherwise noted herein, capitalized terms have the meanings ascribed to them in Defendant's opening Memorandum of Law.

1

that she was promoted in 2020 and empowered to create a new newsroom desk. Plaintiff's allegations that she was not hired for two jobs for which she interviewed at the company due to her race and making complaints of workplace discrimination are completely unsupported by any factual allegations (in addition to being partially time-barred). Similarly, there are no factual allegations in the FAC of discriminatory intent necessary to support plausible claims of pay disparity or discrimination.

Because nothing in law or facts supports Plaintiff's claims, the FAC should be dismissed in its entirety with prejudice.

## ARGUMENT

## POINT I

### Plaintiff Applies an Incorrect Legal Standard in Her Opposition

Plaintiff argues that Defendant's motion is based on Plaintiff's failure to plead a prima facie case of discrimination, retaliation and hostile work environment, and that by demanding plausibility, Defendant is applying a heightened pleading standard. (Opp. at 16-17.) These assertions are incorrect.

Defendant applies the proper pleading standard articulated under *Twombly*, *Iqbal* and their progeny, asserting that Plaintiff has failed to allege facts sufficient to state a plausible claim for relief – which therefore fails the liberal notice pleading standard of Rule 8. *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation" under Rule 8 "to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Here, for Plaintiff's discrimination claims, absent direct evidence of discrimination, Plaintiff must plausibly support by factual allegations that (i) she is a member of a protected class,

(ii) was qualified for a job she did not receive, (iii) suffered an adverse employment action, and (iv) has at least minimal support for the proposition that Defendant was motivated by a discriminatory intent. *See Littlejohn*, 795 F.3d 297, 311 (2d Cir. 2015). Plaintiff has not made a plausible showing of allegations (ii) through (iv). As to Plaintiff's hostile work environment claim, the allegations do not support a finding of hostile work environment that is so severe or pervasive as to have altered the conditions of Plaintiff's employment. *Id*. at 321. Plaintiff has also failed to allege a plausible retaliation claim as there are no factual allegations regarding any protected activity within the statute of limitations and no causal connection between the alleged protected activity and any claimed adverse action. *Farooq v. City of New York*, 2022 WL 793117, at *4 (2d Cir. 2022) (affirming dismissal of Section 1981, NYCHRL, and NYSHRL retaliation claims because the complaint did not, as it must, "plausibly plead causation, i.e., 'a connection between the act and [the plaintiff's] engagement in protected activity.'")

Plaintiff's argument that Defendant has applied an inapplicable, heightened pleading standard is wholly unsupported by the law and should be summarily rejected. Fair notice pleading under Rule 8 does not turn on whether Defendant's counsel has represented the company in unrelated investigations or on the length of a complaint. Rather, it turns on the *plausibility* of those allegations, and whether those allegations "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or on the other hand are "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Any contention by Plaintiff that meeting this basic pleading requirement is somehow a "heightened pleading standard" is meritless.

Plaintiff has failed to allege *facts* sufficient to support *plausible* claims for relief that meet the requirement of Rule 8(a)(2) – "a short and plain statement of the claim showing that the pleader is entitled to relief." As such, Plaintiff's arguments fail and Defendant's motion should be granted.

3

## POINT II

### Plaintiff's Opposition Fails to Show That Plaintiff Has Plead a Plausible Claim for Discrimination, Hostile Work Environment or Retaliation

**A. Discrimination**

Plaintiff argues that Defendant denied advancement and promotion over the years of her employment at NYPR. The crux of Plaintiff's allegations is that she was "denied advancement to host shows she was more than qualified to host" "during the applicable statute of limitations period." (FAC, ¶ 7.) There are no facts alleged which provide a minimal inference of discriminatory intent based on Plaintiff's race. This is fatal to Plaintiff's claims.

Here, Plaintiff only makes conclusory allegations attributing the fact that she did not get the Editor-in-Chief position to her race and complaints about race discrimination; however, there are no factual allegations made in support. It is unclear how any of these unfounded assertions support a plausible claim for discrimination based on Plaintiff's race, or give "fair notice" to Defendant of Plaintiff's claims. Under *Iqbal* and *Twombly*, and their progeny, in an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against her and (2) her race, color, religion, sex, or national origin was a motivating factor in the employment decision. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Here, neither of these elements have been plausibly alleged. Moreover, Plaintiff has not alleged any similar incidents of discrimination against other minority candidates for this position that could support an inference of a "persistent and widespread" practice of discrimination. *Taylor v. City of New York (Dep't of Sanitation)*, 2019 WL 3936980, at *5 (S.D.N.Y. 2019). And, even under the state's more liberal standards, which require that a plaintiff only show she is treated "less well"

due to discriminatory intent, Plaintiff has failed to plausibly allege such differential treatment. Accordingly, Plaintiff's discrimination claims should be dismissed.

### B. Discriminatory Pay Practices

At the pleading stage, a plausible equal pay claim "must include sufficient factual matter, accepted as true to permit the reasonable inference that the relevant employees' job *content* was substantially equal." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 256 (2d Cir. 2014) (emphasis in original, internal quotations omitted). Here, Plaintiff makes only conclusory allegations that she was paid less than other Caucasian talk show hosts. (See FAC ¶ 32.) As argued in Defendant's motion, this is insufficient to state a plausible claim for relief, where the FAC is devoid of any detail about Plaintiff's role and job duties, and those of her purported comparators. *See E.E.O.C.*, 768 F.3d at 257 (dismissing EPA claim where "bland abstractions— untethered from allegations regarding ... actual job duties—say nothing about whether the attorneys were required to perform 'substantially equal' work") (emphasis in original). *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 580–81 (2d Cir. 2020) (plaintiff did not allege anything about her actual job duties or the actual job duties of her putative comparators, thus claim properly dismissed). Accordingly, Plaintiff's allegations fall short of the pleading standard imposed on her pay discrimination claims.

### C. Hostile Work Environment

To plead a hostile work environment under federal law, a plaintiff must plead that a defendant's conduct: (1) was objectively severe or pervasive in that it created an environment that a reasonable person would find hostile or abusive; (2) created an environment that the plaintiff subjectively perceived as hostile or abusive; and (3) occurred because of the plaintiff's protected characteristic. *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007); *Littlejohn v. City of New*

*York*, 795 F.3d 297, 320–21 (2d Cir. 2015). "[A] plaintiff claiming a hostile work environment under the NYCHRL need only demonstrate that he or she was treated 'less well than other employees' because of the relevant characteristic." *Torres v. New York*, 2019 WL 1765223, at *5 (S.D.N.Y. 2019); *Sokolovsky v. Silver Lake Specialized Care Ctr.*, 2023 WL 5977298, at *17 (E.D.N.Y. 2023).

Whether under federal, state, or the more liberal pleading standards of city law, Plaintiff's allegations are entirely conclusory because she provides no facts to support conduct that was so severe or pervasive as to have altered the conditions of plaintiff's employment or any facts to demonstrate that racial animus motivated any purported conduct by Defendant. Accordingly, Plaintiff's race-based claims of hostile work environment should be dismissed.

### D. Retaliation

As to Plaintiff's retaliation claim, Plaintiff once again misconstrues Defendant's arguments and entirely misses the mark. In her Opposition, Plaintiff again recites the allegations contained in the FAC, but, while claiming she is making claims "within the applicable limitations" period, she points to time-barred allegations from 2017 and 2018 in an attempt to support her retaliation claims. (See Opp. at 23.)

To state her federal retaliation claim, Plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against her, (2) "because" she has opposed any unlawful employment practice. *Vega v. Hempstead Union Free Sch. Dist.*, *supra* at 90 (2d Cir. 2015). "To survive a motion to dismiss, a plaintiff claiming retaliation under the NYCHRL must allege that she engaged in protected activity." *Albunio v. City of N.Y.*, 16 N.Y.3d 472, 479 (2011). The plaintiff "need not prove that her underlying complaint of discrimination had merit but only that it was motivated by a good faith, reasonable belief that the underlying

employment practice was unlawful." *Zann Kwan*, 737 F.3d at 843; Sokolov*sky v. Silver Lake Specialized Care Ctr., supra*, at *19 (E.D.N.Y. 2023).

Here, Plaintiff fails to even allege facts supporting any protected activity "within the applicable statute of limitations period." Plaintiff's vague and conclusory allegations that she was retaliated against due to her complaints about discrimination and harassment, without more, are insufficient to satisfy the pleading standard. Further, Plaintiff's allegations fail to set forth facts sufficient to support a plausible actionable adverse employment action. Accordingly, Plaintiff's retaliation claims should be dismissed.

## POINT III

### Plaintiff's Opposition Fails to Defeat Defendant's Motion Pertaining to Her Time-Barred Allegations and the Continuing Violation Theory Does Not Save these Claims

As set forth in Defendant's opening motion, Plaintiff has failed to allege any facts within the "applicable statutes of limitations" periods to support her claims of discrimination, retaliation and hostile work environment based on race. (Motion at 16-18.) Instead, Plaintiff has included irrelevant and inflammatory allegations in the FAC that precede the applicable statute of limitations periods in a thinly veiled, yet legally futile, attempt to try and bolster her claims. Although Plaintiff alleges she is asserting causes of action only "within the applicable statutes of limitation," she does not provide any facts as to what those timely claims are. Tellingly, Plaintiff's Opposition cites to clearly time-barred allegations in an attempt to support her discrimination and retaliation claims. (Opp. at 18, 23.) This is misleading and disingenuous, at best. Moreover, it gives Defendant no "fair notice" of the claims allegedly being brought against it, as Plaintiff argues.

Plaintiff cannot save her untimely claims using the continuing violation doctrine. As argued in Defendant's underlying motion, claims of discrimination and retaliation involve discrete

7

acts for which the continuing violation doctrine does not apply. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). In order for Plaintiff to bring her claims into the purview of the continuing violation doctrine, she would have to allege incidents or conduct on the part of Defendant that gives rise to a hostile work environment, which for the reasons discussed herein and in the opening motion, Plaintiff has not done. Furthermore, Plaintiff has not alleged the "existence of a discriminatory policy or mechanism" as "required under the continuing violation theory," *Lukasiewicz–Kruk*, 404 F. App'x at 520, and has not pointed to any discriminatory policy or pattern to which she was subjected. *Thomson v. Odyssey House*, 2015 WL 5561209, at *9 (E.D.N.Y. 2015), aff'd, 652 F. App'x 44 (2d Cir. 2016).

## CONCLUSION

Plaintiff's Opposition fails to defeat the arguments raised in Defendant's underlying motion to dismiss. Accordingly, Defendant respectfully requests that its motion to dismiss Plaintiff's First Amended Complaint be granted in its entirety without leave to amend.

Dated: October 18, 2023
     New York, New York

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

*/s/ Joan Gilbride*

Joan M. Gilbride
Erica Bianco
*Attorneys for Defendant*
875 3rd Ave, 5th Floor
New York, New York 10022
Telephone: (212) 980-9600
E-mail: jgilbride@kbrlaw.com
       ebianco@kbrlaw.com

8