UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMI FLOYD,

                Plaintiff,

v.

NEW YORK PUBLIC RADIO,

                Defendant.

Civil Action No:
23-CV-1096(ALC-SC)

**ANSWER TO SECOND AMENDED COMPLAINT**

**Jury Trial Demanded**

      Defendant New York Public Radio ("Defendant" or "NYPR"), by its attorneys, KAUFMAN BORGEEST & RYAN LLP, for its Answer to the Second Amended Complaint ("SAC"), respectfully states and alleges as follows:

      1.    Denies the allegations set forth in paragraph "1" of the SAC, except denies knowledge or information sufficient to form a belief as to Plaintiff Jami Floyd and admits that Plaintiff Jami Floyd is an attorney.

      2.    Denies the allegations set forth in paragraph "2" of the SAC.

      3.    Denies the allegations set forth in paragraph "3" of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's reluctance to accept employment with WNYC.

      4.    Denies the allegations set forth in paragraph "4" of the SAC.

      5.    Denies the allegations set forth in paragraph "5" of the SAC.

      6.    Denies the allegations set forth in paragraph "6" of the SAC, except admits that Plaintiff was involved in station pledge drives during her employment at NYPR and held herself out as a leader on issues of race and gender.

      7.    Denies the allegations set forth in paragraph "7" of the SAC.

8. Denies the allegations set forth in paragraph "8" of the SAC, except admits that Plaintiff purports to bring suit on the bases set forth therein.

9. Denies the allegations set forth in paragraph "9" of the SAC, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

10. Denies the allegations set forth in paragraph "10" of the SAC, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

11. Denies the allegations set forth in paragraph "11" of the SAC, except admits that Plaintiff purports to invoke the venue of this Court as set forth therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the SAC pertaining to Plaintiff's residence and admits that Plaintiff was employed by Defendant from 2015-2022, until she voluntarily resigned from her employment.

13. Admits the allegations set forth in paragraph "13" of the SAC.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the SAC.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the SAC.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the SAC.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the SAC.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the SAC.

10139369

19. Denies the allegations set forth in paragraph "19" of the SAC, except admits that Plaintiff became an employee of NYPR in 2015, as the local host for *All Things Considered* on WNYC.

20. Denies the allegations set forth in paragraph "20" of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's reluctance to accept employment with WNYC.

21. Denies the allegations set forth in paragraph "21" of the SAC.

22. Denies the allegations set forth in paragraph "22" of the SAC, except admits that Plaintiff held herself out as a leader on issues of race and gender.

23. Denies the allegations set forth in paragraph "23" of the SAC, except admits that Plaintiff appeared at fundraisers and assisted in hosting and producing an annual event at the Apollo Theater to honor Dr. Martin Luther King Jr.

24. Denies the allegations set forth in paragraph "24" of the SAC.

25. Denies the allegations set forth in paragraph "25" of the SAC, except admit that in 2017 three male hosts at NYPR were accused of engaging in sexual harassment.

26. Denies the allegations set forth in paragraph "26" of the SAC.

27. Denies the allegations set forth in paragraph "27" of the SAC.

28. Denies the allegations set forth in paragraph "28" of the SAC.

29. Denies the allegations set forth in paragraph "29" of the SAC, except admits that a committee was formed to design a new midday show.

30. Denies the allegations set forth in paragraph "30" of the SAC, except admits that it was communicated to Plaintiff in July 2018 that the company was not offering her the job as host of the midday show.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the SAC.

32. Denies the allegations set forth in paragraph "32" of the SAC, except admits that Plaintiff was earning between approximately $160,000 and $176,000 for her role as host of *All Things Considered*.

33. Denies the allegations set forth in paragraph "33" of the SAC, except admits that Attorney Joan M. Gilbride and her colleague Attorney Neepa Patel, met with Jami Floyd during an inquiry concerning issues raised by newsroom employees, not by Jami Floyd.

34. Denies the allegations set forth in paragraph "34" of the SAC.

35. Denies the allegations set forth in paragraph "35" of the SAC.

36. Denies the allegations set forth in paragraph "36" of the SAC, except admits that WNYC created an editorial committee to discuss the use of the "n-word" on air.

37. Denies the allegations set forth in paragraph "37" of the SAC.

38. Denies the allegations set forth in paragraph "38" of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's alleged meetings with Leah Johnson and other employees.

39. Denies the allegations set forth in paragraph "39" of the SAC.

40. Denies the allegations set forth in paragraph "40" of the SAC.

41. Denies the allegations set forth in paragraph "41" of the SAC, except admits that Plaintiff wanted an "editor" title, which she received.

42. Denies the allegations set forth in paragraph "42" of the SAC, except admits that Plaintiff wanted an "editor" title, which she received in August of 2019.

43. Denies the allegations set forth in paragraph "43" of the SAC, except admits that WNYC began looking for a replacement for Jim Schachter in 2019 and Plaintiff applied and was interviewed for the vacant role of Vice President, News (Editor-in-Chief) in 2020.

44. Denies the allegations set forth in paragraph "44" of the SAC, except admits that Audrey Cooper was hired for the role of Editor-in-Chief in June of 2020.

45. Denies the allegations set forth in paragraph "45" of the SAC.

46. Denies the allegations set forth in paragraph "46" of the SAC.

47. Denies the allegations set forth in paragraph "47" of the SAC.

48. Denies the allegations set forth in paragraph "48" of the SAC.

49. Denies the allegations set forth in paragraph "49" of the SAC.

50. Denies the allegations set forth in paragraph "50" of the SAC, except admits the allegations set forth in the second sentence of this paragraph.

51. Denies the allegations set forth in paragraph "51" of the SAC.

52. Denies the allegations set forth in paragraph "52" of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's alleged conversations with co-workers.

53. Denies the allegations set forth in paragraph "53" of the SAC.

54. Denies the allegations set forth in paragraph "54" of the SAC.

55. In response to the allegations set forth in paragraph "55" the SAC, Defendant repeats and re-alleges its responses set forth in the preceding paragraphs as though fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the SAC.

57. Denies the allegations set forth in paragraph "57" of the SAC.

58. Denies the allegations set forth in paragraph "58" of the SAC.

59. Denies the allegations set forth in paragraph "59" of the SAC.

60. In response to the allegations set forth in paragraph "60" the SAC, Defendant repeats and re-alleges its responses set forth in the preceding paragraphs as though fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the SAC.

62. Denies the allegations set forth in paragraph "62" of the SAC.

63. Denies the allegations set forth in paragraph "63" of the SAC.

64. Denies the allegations set forth in paragraph "64" of the SAC.

65. In response to the allegations set forth in paragraph "65" the SAC, Defendant repeats and re-alleges its responses set forth in the preceding paragraphs as though fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the SAC.

67. Denies the allegations set forth in paragraph "67" of the SAC.

68. Denies the allegations set forth in paragraph "68" of the SAC.

69. Denies the allegations set forth in paragraph "69" of the SAC.

70. In response to the allegations set forth in paragraph "70" the SAC, Defendant repeats and re-alleges its responses set forth in the preceding paragraphs as though fully set forth herein.

71. Denies the allegations set forth in paragraph "71" of the SAC.

72. Denies the allegations set forth in paragraph "72" of the SAC.

73. Denies the allegations set forth in paragraph "73" of the SAC.

74. Denies the allegations set forth in paragraph "74" of the SAC.

75. In response to the allegations set forth in paragraph "75" the SAC, Defendant repeats and re-alleges its responses set forth in the preceding paragraphs as though fully set forth herein.

76. Denies the allegations set forth in paragraph "76" of the SAC.

77. Denies the allegations set forth in paragraph "77" of the SAC.

78. Denies the allegations set forth in paragraph "78" of the SAC.

79. Denies the allegations set forth in paragraph "79" of the SAC.

80. In response to the allegations set forth in paragraph "80" the SAC, Defendant repeats and re-alleges its responses set forth in the preceding paragraphs as though fully set forth herein.

81. Denies the allegations set forth in paragraph "81" of the SAC.

82. Denies the allegations set forth in paragraph "82" of the SAC.

83. Denies the allegations set forth in paragraph "83" of the SAC.

84. Denies the allegations set forth in paragraph "84" of the SAC.

85. In response to the allegations set forth in paragraph "85" the SAC, Defendant repeats and re-alleges its responses set forth in the preceding paragraphs as though fully set forth herein.

86. Denies the allegations set forth in paragraph "86" of the SAC.

87. Denies the allegations set forth in paragraph "87" of the SAC.

88. Denies the allegations set forth in paragraph "88" of the SAC.

89. Defendant is not required to respond to the allegations contained in Plaintiff's Prayer for Relief, sections A through H, as this Paragraph merely contains a characterization of

the relief Plaintiff seeks. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief Plaintiff seeks.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

90. The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

91. The Second Amended Complaint is barred, in whole or in part, by Plaintiff's failure to perform all conditions precedent to suit or to exhaust all administrative remedies, or both.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

92. The Second Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

93. Subject to proof in discovery, any damages claims contained in the Second Amended Complaint may be barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred by the doctrines of waiver, latches or estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

95. At all times relevant to the acts alleged in the Second Amended Complaint, Defendant's conduct was reasonable, proper, lawful, constitutional, made in good faith for non-discriminatory, legitimate business reasons, and in the proper and lawful exercise of discretion, and without malice or without willful intent to violate any applicable law, rule or regulation.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

96. Any and all decisions, actions, and conduct taken by Defendant with respect to Plaintiff were undertaken for legitimate, non-discriminatory business reasons.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

97. Plaintiff has not stated any legally cognizable damage.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

98. Plaintiff's claims for punitive damages is unwarranted and unconstitutional and in violation of due process based on the allegations in Plaintiff's Second Amended Complaint, as the acts or omissions allegedly made by Defendant does not rise to the level of conduct for which exemplary damages are justified.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

99. Plaintiff cannot establish that Defendant acted in a willful, wanton, reckless and/or malicious manner.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

100. Defendant did not participate in any unlawful conduct.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

101. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or the equitable doctrine of laches, waiver, unclean hands and/or estoppel.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

102. Defendant has at all times pertinent hereto adopted, maintained and communicated appropriate anti-discrimination and anti-retaliation policies.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

103. To the extent Plaintiff has suffered any damages or injuries, which Defendant denies, such damages or injuries were not caused by any of the Defendant's actions or conduct.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

104. Defendant had legitimate, non-discriminatory business reasons for taking any of the alleged discriminatory actions complained of by Plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

105. Any and all decisions, actions, and conduct taken by Defendant with respect to Plaintiff were undertaken for legitimate, non-discriminatory business reasons.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

106. At all times relevant to the acts alleged in the Complaint, Defendant's conduct was reasonable, proper, lawful, constitutional, made in good faith for non-discriminatory, legitimate business reasons, and in the proper and lawful exercise of discretion, and without malice or without willful intent to violate any applicable law, rule or regulation.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

107. Defendant did not take any adverse employment action against the Plaintiff.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

108. Defendant was not aware of Plaintiff engaging in any protected activity within the meaning of Section 1981, the NYSHRL or the NYCHRL.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

109. Plaintiff cannot show that she was treated less well than other employees because of a protected characteristic.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

110.    Plaintiff was not qualified for the Editor-in-Chief position.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

111.    Differences in pay, benefits and/or terms and conditions of employment, if any, between Plaintiff and similarly situated non-Black employees, if any, was based upon legitimate, non-discriminatory factors other than race, including, but not limited to, a seniority system, a merit system, a system measuring earnings by quantity or quality of production, and/or contractual obligations.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

112.    Plaintiff is unable to identify any similarly situated individuals who were treated more favorably than she was with regard to the allegations outlined in the Second Amended Complaint.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

113.    Defendant reserves the right to assert additional defenses, whether affirmative or otherwise, which may become available during the course of its litigation through discovery or any other means.

**WHEREFORE,** Defendant New York Public Radio respectfully requests that the Second Amended Complaint be dismissed in its entirety, that the Court enter judgment for the Defendant, and that Defendant be granted costs, fees, and disbursements together with such other and further relief as the Court may deem just and proper.

Dated: April 29, 2024
New York, New York

                                          Respectfully submitted,

                                          KAUFMAN BORGEEST & RYAN LLP

                                          */s/ Joan M. Gilbride*
                                          Joan M. Gilbride
                                          Erica Bianco
                                          *Attorneys for Defendant*
                                          875 3rd Ave, 5th Floor
                                          New York, New York 10022
                                          Telephone: (212) 980-9600
                                          E-mail: jgilbride@kbrlaw.com
                                                         ebianco@kbrlaw.com

TO:    (VIA ECF)
        Edward Cerasia II
        *Attorneys for Plaintiff*
        101 Eisenhower Parkway, Suite 300
        Roseland, New Jersey 07068
        Telephone: (646) 525-4231
        ed@cdemploymentlaw.com

10139369