UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JAMI FLOYD,

                Plaintiff,

      - against -

NEW YORK PUBLIC RADIO,

                Defendant.
------------------------------------------------------------------ x

Civil Action No:
23-CV-1096 (ALC-SC)

**REPORT OF RULE 26(f) CONFERENCE AND CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on May 13, 2024, and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

**2.**     **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff: Plaintiff Jami Floyd, a journalist and attorney, was employed by defendant NYPR from 2015 until April 2022, when she resigned. Over the years, Floyd complained to NYPR's management, human resources and Board about race discrimination toward her and others and retaliation. Between at least 2017 and 2021, and during the applicable statute of limitations periods, NYPR denied Floyd advancement to host shows that she was more than qualified to host – and for which she regularly filled in as the host, including, for example, *The Brian Lehrer Show*, *The Leonard Lopate Show*, *The Takeaway* – as well as other roles, including the host of the midday show and the Editor-in-Chief role. NYPR also deprived her of an editor title and corresponding compensation. NYPR paid Floyd considerably less than Caucasian talk show hosts – some of whom she filled in for – even though she was at least equally as qualified as them, if not more qualified, and she performed under similar working conditions or at least performed substantially similar work than these hosts – and often times performed more work than others.

Floyd moved to the Race & Justice Unit in September 2020, which NYPR sought to spin as a promotion. It was anything but that. This move took Floyd off air to assume responsibility for a desk she created for herself to get out from under bullying managers in the newsroom. She soon found, however, that despite promises from management, she would have no budget or authority to hire staff. She also made less in annual compensation in 2020 and even less in 2021, when compared to her compensation in 2018 or 2019. While in that Unit, NYPR did not provide her with the support or compensation it provided to non-Black employees or employees who had not complained about discrimination in the workplace.

Floyd asserts race discrimination and retaliation claims under 42 U.S.C. § 1981, the New York State Human Rights Law and the New York City Human Rights Law, and race-based pay discrimination

under the New York Labor Law.[1]

Defendant(s): Defendant denies Plaintiff's allegations and maintains that they acted lawfully at all times.  Defendant further disputes the nature and extent of Plaintiff's claimed damages.

Plaintiff Jami Floyd joined NYPR in 2015 as the local host of All Things Considered ("ATC"), a national-local partnership between National Public Radio and NYPR.  In this host role, Floyd primarily served as a continuity anchor, which weaves together different segments by telling listeners what program they are hearing and what segments are forthcoming, reporting on traffic and weather, and conducting some scripted and often pre-recorded two-way interviews. Each year Floyd was in this position, she was the highest paid amongst hosts of similar programs and time slots, such as Morning Edition and WNYC News. In 2018, Floyd unsuccessfully interviewed for a vacant role of host for a midday radio show that had a different format from ATC. This midday show was not a national-local partnership, and unlike ATC, would primarily be live, unscripted conversations led by the host for two hours at a time. About a year later, Floyd unsuccessfully interviewed for a vacant role for Editor in Chief/Vice President of News. NYPR ran thorough, open and unbiased interview processes for these roles, and Floyd did not get these jobs because she was not the most qualified candidate in either case. In September 2020, Floyd moved off the air to the role of Senior Editor of the newly-created Race and Justice Unit, after Floyd had pitched the idea to create this unit to NYPR management. The unit was given a traditional desk in the newsroom, as well as a general advisory role across other desks covering race and justice issues, and a role in NYPR's internal dialogue between workplace and editorial coverage. During her tenure at NYPR, Floyd was given six salary increases and several title changes. In April 2022, Floyd resigned after NYPR discovered she plagiarized over 40 articles she had written as an employee.

**3.     Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

The Court has subject matter jurisdiction over Floyd's Section 1981 claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Floyd's state law claims pursuant to 28 U.S.C. § 1367(a).

**4.     Subjects on Which Discovery May Be Needed:**

Plaintiff: Floyd anticipates taking 4 to 5 depositions, as well as serving documents requests and interrogatories.

Defendant(s):  Discovery will be needed as to Plaintiff's claimed damages.  Defendants also plan to obtain discovery regarding Plaintiff's employment history, time at NYPR and plagiarism.

**5.     Informal Disclosures:**

Plaintiff served her Fed. R. Civ, P. 26(a)(1) initial disclosures on May 31, 2024.  She served her responses and documents under the Court's Protocols for Employment Cases on May 31, 2024.

Defendant served their Fed. R. Civ, P. 26(a)(1) initial disclosures on May 31. 2024.  They served their responses and documents under the Court's Protocols for Employment Cases on May 31, 2024.

---

[1] Floyd denies NYPR's allegations of "plagiarism," and asserts that her errors or lack of attribution in articles or stories are wholly irrelevant to the claims in this case.

**6.     Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

    A.     All fact discovery must be completed by <u>December 13, 2024</u>.

No later than **one week after** the close of fact discovery, that is, by December 20, 2024, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

    B.     The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

        i.     <u>Depositions</u>: Depositions shall be completed by <u>Dec. 13, 2024</u> and limited to no more than <u>10</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

        ii.     <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>June 13, 2024</u> . All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

        iii.     <u>Requests for Admission</u>: Requests for admission must be served on or before <u>November 11, 2024</u>, and in any event no later than 30 days before the fact discovery deadline.

        iv.     <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>June 13, 2024</u> and responses shall be due on <u>July 15, 2024</u>.

          All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

7. **<u>Anticipated Discovery Disputes</u>:**

    None at this time.

8. **<u>Amendments to Pleadings</u>:**

    a.    Does any party anticipate amending the pleadings? No.

    b.    Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is **June 24, 2024**. Amendment of pleadings after this date will be permitted only on a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

9. **<u>Expert Witness Disclosures</u>:**

    a.    Does any party anticipate utilizing experts? At this time, Floyd does not intend to retain an expert witness.

    b.    Expert discovery shall be completed by _____ .

    No later than **one week after** the close of expert discovery, that is, by____, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

10. **<u>Electronic Discovery and Preservation of Documents and Information</u>:**

    a.    Have the parties discussed discovery of electronically stored information (ESI)?

    b.    Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by_____.

    c.    Are there issues the parties would like to address concerning preservation of

evidence and/or ESI discovery at the Initial Case Management Conference?

11. **Early Settlement or Resolution:**

Floyd has made a settlement demand. The Court has referred this case to the mediation program.

12. **Trial:**

   a. The parties anticipate that this case will be ready for trial by <u>May 2025</u>.

   b. The parties anticipate that the trial of this case will require <u>3-5</u> days.

   c. The parties do not consent to a trial before a Magistrate Judge at this time.

   d. The parties request a jury trial.

13. **Other Matters:**

   a. Fed. R. Evid. 502(d). The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Respectfully submitted this 27th day of May, 2024.

ATTORNEYS FOR PLAINTFF:

Edward Cerasia II
Cerasia Law LLC
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068

ATTORNEYS FOR DEFENDANT(S):

Joan Gilbride
Kaufman Borgeest & Ryan LLP
875 Third Ave, 5th Floor
New York, NY 10022

SO ORDERED    5/24/2024

*[signature]*
SARAH L. CAVE
United States Magistrate Judge

5